IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **MICHAEL TATLOCK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | CAUSE NO. 3:08-CV-150 |
| | ) | |
| **GENE ISSAC,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

This matter is before the Court on a complaint filed by Michael Tatlock on March 28, 2008. For the reasons set forth below, pursuant to 28 U.S.C. § 1915A, the federal law claims are **DISMISSED WITH PREJUDICE** and the State law claims are **DISMISSED WITHOUT PREJUDICE**.

BACKGROUND

Michael Tatlock ("Tatlock"), a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. In it he alleges that as a pre-trial detainee in the Cass County Jail, his medical treatment was initially delayed. Tatlock is suing the following defendants in both their individual and official capacities[1]: Sheriff Gene Issac ("Issac"), Assistant Jail Commander Susan Curtis ("Curtis"),

---

[1] Tatlock also lists Jail Commander Connie Johnson in the caption, but he does not refer to her in the body of his complaint. Johnson is construed as a non-medical defendant, and claims against her are DISMISSED as such pursuant to the analysis below.

Assistant Jail Commander Domanick Rozzi ("Rozzi"), and Dr. M.D. Davis ("Dr. Davis"). He is also suing Head Nurse Rayann Phillips ("Nurse Phillips") in her individual capacity.

He alleges that on July 31, 2006, he submitted a sick call request. He saw Nurse Phillips on August 3, 2006 because his right leg was swollen. Nurse Phillips told him that the doctor ordered Ibuprofen, but he did not see a doctor at that time. He alleges that on August 11, 2006, he asked Nurse Phillips to look at his leg again and that when she did, she called someone. Then she told him to go lay down in his cell. On August 16, 2006, Dr. Davis examined his leg, prescribed medication, and Tatlock was then transported to the hospital where two blood clots were found in his right leg. Although he describes subsequent events, he does not describe any other actions or omissions by these defendants.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion

under RULE 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Court is cognizant of the principle that:

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (quotation marks omitted).

A. Non-Medical Defendants

In the body of his complaint, Tatlock lists several non-medical defendants whom he alleges were in charge of the jail, namely, Issac, Curtis, and Rozzi. He alleges that he was seen and treated by a doctor and a nurse. He does not allege, and based on this complaint it would not be reasonable to infer, that any of these non-medical defendants were personally involved in or impeded his medical treatment. "The doctrine of *respondeat superior* can not [sic] be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Here, as explained in the next section, the medical defendants did

not violate his constitutional rights; but even if they had, because these non-medical defendants were entitled to rely on the opinions of the medical professionals, they would be dismissed anyway.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (*citing Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)) (ellipsis omitted).

B. Medical Defendants

Tatlock names two medical defendants: Nurse Phillips and Dr. Davis. In medical cases, the Eighth Amendment test[2] is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's]

---

[2] Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

-4-

welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *See Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000).

Here, Tatlock alleges that Nurse Phillips examined his leg on two occasions. He alleges that the first time she dispensed Ibuprofen as ordered by the doctor, and the second time she instructed him to lay down after speaking with someone. He alleges that Dr. Davis examined him once. He alleges that Dr. Davis gave

him medication and that he was sent to the hospital. Although Tatlock may be implying that he should have received different medical care, "[u]nder the Eighth Amendment, [a prisoner] is not entitled to demand specific care. [H]e is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). "At best, he alleges a disagreement with medical professionals about his needs. This does not state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Perhaps Dr. Davis and Nurse Philips were negligent, maybe their diagnosis was incompetent or their treatment decisions unreasonable, but none of those are sufficient to constitute deliberate indifference. It is possible that their actions constituted medical malpractice, but the facts alleged in this complaint, and their reasonable inferences, do not support an allegation of deliberate indifference against these two defendants.

## C. Medical Malpractice

Tatlock also brings a claim for medical malpractice. Having dismissed his federal law claims, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1967(c)(3). Therefore, this claim and any other state law claims will be

-6-

dismissed without prejudice so that he may pursue them in state court.

CONCLUSION

For the reasons set forth above, pursuant to 28 U.S.C. § 1915A, the federal law claims are **DISMISSED WITH PREJUDICE** and the State law claims are **DISMISSED WITHOUT PREJUDICE**.

**DATED:** October 30, 2008  /s/RUDY LOZANO, Judge
**United States District Court**